IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK F. McGEE, Inmate #24318-044,** ) ) ) | |
| Petitioner, ) ) | |
| ) | **CIVIL NO. 05-484-MJR** |
| vs. ) ) | |
| **SARAH M. REVELL,** ) ) | |
| Respondent. | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      This action comes before the Court on Petitioner's petition for a writ, pursuant to 28 U.S.C. § 1651. A review of the petition indicates that Petitioner is challenging the calculation of his sentence by the Bureau of Prisons. This type of claim is appropriately brought in a petition for habeas corpus pursuant to 28 U.S.C. § 2241. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (challenges to computation of sentence must be brought under Section 2241); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (same). Accordingly, the Court will construe the petition for a writ pursuant to 28 U.S.C. § 1651 (Doc. 1) as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk of Court is **DIRECTED** to change the nature of suit in the docket to a Petition for Habeas Corpus by a Federal Prisoner pursuant to 28 U.S.C. § 2241.

      However, the Court may not review such a claim until Petitioner has exhausted the administrative remedies available to him from the Bureau of Prisons. *See Clemente*, 120 F.3d at 705. It is unclear from the petition whether Petitioner has done so. In Local Rule 8.1(a)(1) the Court advises prisoners that there are forms available if they wish to file a "civil complaint under

42 U.S.C. §1983, an application for writ of habeas corpus under 28 U.S.C. §2241, a petition under 28 U.S.C. §2254, or a motion under 28 U.S.C. §2255". Rule 8.1(a)(1) goes on to strongly urge prisoner petitioners to use the forms provided by this Court. The Court provides these forms because, if filled out properly, they provide the Court with the information it needs to thoroughly review a prisoners claim. The Court's brief review of petitioner's claim indicates that much of the information called for in the Section 2241 form, is not provided in the petition submitted by petitioner. The failure to provide necessary information may, in the future, cause the petition to be dismissed for failure to state a claim upon which relief can be granted. The Court, pursuant to Local Rule 8.1(a)(1) *strongly urges* plaintiff to refile his petition on the forms provided by this Court. The Clerk of Court is **DIRECTED** to send plaintiff a sufficient number of 28 U.S.C. §2241 petition forms.

    **IT IS SO ORDERED.**

    **DATED this 28th day of July, 2005.**

                                              **s/ Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**