IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK F. McGEE, Inmate #24318-044,** )<br>)<br>   **Petitioner,** )<br>) <br>**vs.** )<br>)<br>**SARAH M. REVELL,** )<br>)<br>   **Respondent.** ) | **CIVIL NO. 05-484-MJR** |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

   Plaintiff initially filed his petition in this habeas action as a Petition for a Writ of Mandamus pursuant to 28 U.S.C. § 1651. Upon review of the petition, it became clear to the Court that Petitioner was actually trying to file a habeas corpus petition under the general habeas statute, 28 U.S.C. § 2241. Thus, the Court directed the Clerk to change the nature of the suit from one seeking a writ of mandamus to one seeking habeas corpus relief (Doc. 3). The Court also ordered the Clerk to send Petitioner court-provided section 2241 forms and encouraged Petitioner to refile his petition on one of these forms so that the Court might thoroughly review Petitioner's claims.

   Petitioner has responded by letter directed to the Court (Doc. 6) stating that he does not know how to properly file a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and that he does not know how long it will be before he will be "skilled enough in the field of law to proceed properly and effectively" in the action. He asks that the Court not place "an unreasonable burden" on him. Plaintiff also asks that the Court appoint counsel in his case.

   The court-provided form does not require that Petitioner be skilled in the law. It asks factual questions regarding activity in the criminal case that led to his conviction and asks how he has

attempted to resolve his current claims before filing this lawsuit.  It then asks Petitioner to state the factual basis of his claim.  These are not burdensome requests.  Furthermore, the Court believes that Petitioner has been somewhat disingenuous with the Court as to his abilities to litigate his claims.  Petitioner has filed three petitions to amend or correct his sentence in the Eastern District of Missouri,[1] the court in which he was sentenced, and he has filed four petitions attacking his sentence in this Court.[2]  This history demonstrates that Plaintiff has experience filing cases in federal court.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, an amended petition on the court-provided form.  The Clerk of Court is **DIRECTED** to send plaintiff a sufficient number of 28 U.S.C. § 2241 petition forms.

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 20th day of September, 2005.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1] *See McGee v. United States*, Case No. 4:98-cv-3-SNL (E. D. Mo., filed January 2, 1998); *McGee v. United States, 4:04-cv-1169-ERW (E.D. Mo., filed August 30, 2004); McGee* v. United States, Case No. 4:05-cv-919-ERW (E.D. Mo., filed June 7, 2005).

[2] *See McGee v. Veltri*, Case No. 3:04-cv-489-JPG (S. D. Illinois, filed July 14, 2004) (habeas action under 28 U.S.C. § 2241); *McGee v. Veltri*, Case No. 3:05-cv-118-GPM (S.D. Illinois, filed February 22, 2005)  (habeas action under 28 U.S.C. § 2241); *McGee v. United States*, Case No. 3:05-cv-577-DRH (S.D. Illinois, filed June 15, 2005) (petition for writ of mandamus under 28 U.S.C. § 1651).