IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK F. McGEE, Inmate #24318-044,** ) ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL NO. 05-484-MJR |
| vs. ) | |
| ) | |
| **SARAH M. REVELL,** ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He also seeks leave to proceed *in forma pauperis* (Doc. 4).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief and the petition must be dismissed.

Petitioner states that he is challenging the calculation of his sentence and release date and the denial of his release by the Bureau of Prisons ("BOP"). The Petitioner has artfully attempted

to state his grounds in terms of wrongdoing on the part of the BOP, however, Petitioner is actually attempting to challenge his conviction and sentence, something that can only be done in a motion to vacate, set aside, or correct his sentence in the federal court which entered judgment. *See* 28 U.S.C. § 2255. Because this Court is not the federal court which entered judgment, this Court has no jurisdiction to address the merits of any of Petitioner's claims.

Petitioner's first ground for relief states that the BOP is holding him beyond the statutory maximum term of imprisonment for the offenses for which he was convicted. In his explanation of the supporting facts, Petitioner states his belief that the sentencing court used the wrong statute (18 U.S.C. 841(b)(1)(A)(iii)) to impose sentence. A challenge to the district court's imposition of sentence should be brought in a motion pursuant to section 2255 in the sentencing court. Petitioner's second ground for relief, that the BOP refused to contact the sentencing court when he complained about the length of his sentence, is based on Petitioner's disagreement with the sentencing court's use of the Sentencing Guidelines to enhance his sentence. This type of claim must also be brought in a section 2255 petition. In Petitioner's third ground, he argues that he is being detained by the BOP in violation of the Fifth Amendment's due process clause because he was never sentenced orally in the case in which he was convicted. A claim regarding error in sentencing must be brought in a section 2255 motion. In his fourth ground, Petitioner seeks appointment of counsel to help "get him out of jail." His belief that he is entitled to be let out of jail is based upon the three previously-stated grounds, all of which must be brought in a motion pursuant to section 2255.

In certain cases, a prisoner may use the general habeas statute, 28 U.S.C. § 2241, to obtain relief, but this method is generally limited to challenges to the execution of the sentence. *Valona*

*v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Section 2241 may not be used as a substitute for Section 2255 where a Petitioner has already sought but been denied relief under Section 2255, or where Petitioner no longer has an opportunity to seek relief under Section 2255 because of the Section's one-year period of limitation. *See e.g. Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999). Plaintiff states in his petition that he already sought and was denied post-conviction relief in the sentencing court in May 1998.

Based on the foregoing, this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 22nd day of November, 2005.**

                                         **s/ Michael J. Reagan**
                                         **MICHAEL J. REAGAN**
                                         **United States District Judge**